UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COLLETTE YOUNG et al.,

      Plaintiffs,

                                     Case No. 20-CV-10520-DT

v.

                                  HON. DENISE PAGE HOOD

CHIEFTAIN COATING, LLC, et al.,

      Defendants.

_____/

## ORDER GRANTING MOTION FOR
## CONDITIONAL CERTIFICATION AND NOTICE

I.      BACKGROUND

      A.    Procedural Background

On February 28, 2020, Plaintiffs Collette Young and Henry Bennett filed a Collective Action complaint under Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 against Defendants Chieftain Coating, LLC, Burkard Industries, Inc, and John "Jay" Burkard. [Complaint, ECF No. 1]. Defendants Burkard Industries and John Burkard waived service of summons on March 12, 2020 and were given a deadline of May 11, 2020 to answer the complaint. [ECF No. 6, Paged 41-42] Defendant Chieftain Coating filed a stipulated order extending its deadline to respond to the complaint to May 11, 2020, which was granted on March 24, 2020. [ECF No.9, Page.ID 46-47] On April 27, 2020, a scheduling conference was scheduled for July

1, 2020. All Defendants filed their answers to the complaint on May, 11, 2020. [ECF Nos. 17, 18]

Between April 16 and May 11, 2020, three Motions were filed to the Court. On April 16, Plaintiffs filed a Pre-Discovery Motion for Conditional Certification and Court-Authorized Notice Pursuant to FLSA, 29 U.S.C. § 216(b). [ECF No. 10]. Defendants filed their Response on May 6, 2020 [ECF No. 14] and Plaintiffs filed their Reply on May 12, 2020 [ECF No. 22].

On May 8, Plaintiffs also filed an Emergency Motion for Protective Order to limit Defendants' communications to potential Collective members. [ECF No. 15] Defendants filed their Response on May 22, 2020 [ECF No. 25] and Plaintiffs filed their Reply on May 29, 2020. [ECF No. 28]

On May 11, Defendants filed a Motion to Strike Plaintiffs' Opt-In Consent Forms [ECF No. 20]. Plaintiffs filed their Response on May 21, 2020 [ECF No. 24] and Defendants filed their Reply on May 28, 2020 [ECF No. 27].

Plaintiffs request the Court: (1) conditionally certify the proposed FLSA Collective; (2) appoint undersigned counsel as counsel for the proposed Collective; (3) approve Plaintiffs' proposed form of notice and authorize notice via mail and email; (4) require Defendants to identify and produce the names, phone numbers, last known addresses, and email addresses of all proposed Collective members in a

2

computer-readable format within 14 days; and (5) allow members of the proposed Collective 45 days from the date the notice is mailed to join this action. [ECF No. 10, Page.ID 1-2]

### B.    Factual Background

Burkard Industries in Clinton Township, Michigan, provided metal finishing services to customers and employs hourly production workers [ECF No.1, Page.ID 4] [ECF No. 10, Page.ID 53] Plaintiffs Young and Bennett were employed as hourly production employees at Burkard Industries. [ECF No.1, Page.ID 4] Young worked for Burkard Industries from 1997-2019 and Bennett from 1993-2019. [ECF No.1, Page.ID 4-5] [ECF No. 18 at 284] Bennett was employed with Chieftain after October 31, 2019. [ECF No. 18, Page.ID 285] Phyllis Holland, Linda Lietz, Ariana Thompson, and Raif Zenuni also worked for Burkard Industries. Attached to the complaint are opt-in consent forms from the two named Plaintiffs as well as consent forms from Phyllis Holland, Linda Lietz, Ariana Thompson, and Raif Zenuni. [ECF No. 10, Page.ID 54-56] [ECF No. 18, Page.ID 285]  [ECF No. 1-1, Page.ID 22-30]

Plaintiffs state that the job duties of hourly production workers included physically hanging metal parts on the production lines; washing, masking, and coating the parts; moving the parts back off the production lines; and packaging the parts for distribution. [ECF No. 10, Page.ID 55].  Plaintiffs allege that Defendants maintained

an employment policy, which is the basis of this FLSA complaint, that required hourly production employees like Plaintiffs to work unpaid overtime hours before, during, and after their scheduled shifts. [ECF No.10, Page.ID 56]

## II.   LEGAL ANALYSIS

### A.   Standard of Review

This Court, as well as the Sixth Circuit, has followed a "two-stage approach" to conditional class certification for FLSA collective actions. *Olivo v. GMAC Mortg. Corp.*, 374 F. Supp. 2d 545, 547 (E.D. Mich. 2004); *see also Comer v. Wal-Mart Stores, Inc.,* 454 F.3d 544, 546 (6th Cir. 2006). The first stage known as the "notice" stage has a fairly lenient standard, requiring lead plaintiffs to make only a modest factual showing demonstrating that other employees were victims of a common policy by the Defendants which violated the FLSA, or "similarly situated." *Wlotkowski v. Michigan Bell Tel. Co.*, 267 F.R.D. 213, 217 (E.D. Mich. 2010). Plaintiffs must submit evidence of at least a colorable basis to establish that a similarly situated class exists. *Wlotkowski*, 267 F.R.D. at 217. (citing *Olivo*, 374 F.Supp.2d at 548). At the initial notice stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations. *Id.* (citing *Brasfield,* 257 F.R.D. at 642). Once the similarly situated nature of the class is established, the court has the discretion to authorize notification to potential class

4

members and allow them to opt into the lawsuit. *Wlotkowski*, 267 F.R.D. at 219 (citing *Comer,* 454 F.3d 544 at 546); *see also Olivo*, 374 F.Supp. 2.d. at 546 (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)). At the second stage which occurs after discovery, defendants can move to "decertify" the class if additional evidence demonstrates that a class is not truly similarly situated. *Wlotkowski*, 267 F.R.D. at 219.

The district court also has the managerial responsibility to oversee the joinder of additional parties to maintain efficiency and has the discretion to begin its involvement at the point of the initial notice rather than a later time. *Hoffmann–La Roche,* 493 U.S. at 165-66.

## B.   Conditional Class Certification

A plaintiff may file a collective action under § 216(b) of FLSA on behalf of himself and other "similarly situated" employees who file a consent in writing to join the lawsuit. 29 U.S.C.A. § 216 (West). In order to meet the "similarly situated" requirement, an employee must show his position is similar but not necessarily identical to that of the lead plaintiffs. *Comer,* 454 F.3d at 546-47. A plaintiff may rely on testimonies and declarations that contain characterizations of his job duties to meet the modest evidentiary burden. *Wlotkowski*, 267 F.R.D. at 217-18. While the FLSA does not define "similarly situated," the court will often consider  whether plaintiffs

5

share a similar job title, performed similar job duties, or were governed by the same workplace policies. *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016); *Wlotkowski*, 267 F.R.D. at 218. Conditional certification itself does not produce a class of plaintiffs with an independent legal status or automatically join additional parties to the action. *Symczyk*, 569 U.S. at 67.

The Sixth Circuit has refused to equate the FLSA certification standard for collective actions to the more stringent certification standard for class actions under Rule 23. *Comer*, 454 F.3d at 546. In an FLSA collective action, employees must "opt into" the class, whereas Rule 23 class actions use a more stringent "opt-out" approach. *O'Brien*, 575 F.3d at 583 (6th Cir. 2009). "Opt-in" employees in an FLSA Collective action also become party plaintiffs, unlike absent class members in a Rule 23 class action. *Id.*

### 1.    *Prematurity of the Motion*

Plaintiffs argue that prompt notice is crucial for protecting employees claims because the statute of limitations in this case is a maximum of three years and runs until employees opt-in to the suit. *Gaffers v. Kelly Servs.,* No. 16-10128, 2016 U.S. Dist. LEXIS 182057, at *6 (E.D. Mich. Oct. 13, 2016); *See also Fisher v. Michigan Bell Telephone Tel. Co.*, 665 F. Supp. 2d 819, 828 (E.D. Mich. 2009); *Taylor v.*

*Pittsburgh Mercy Health Sys.*, No. 09-377, 2009 U.S. Dist. LEXIS 40080, at *2, 2009 WL 1324045 (W.D. Pa. May 11, 2009) [ECF No. 10, Pg.ID 64] Plaintiffs argue that it is therefore critical that similarly situated employees receive notice early, as the passage of time threatens the preservation of potential claims, contact information, and other useful evidence. *Lynch v. United Services Auto. Ass'n*, 491 F. Supp. 2d 357, 367 (S.D.N.Y. 2007); *see also Smith v. Lowe's Cos.*, 2005 U.S. Dist. LEXIS 9763 at *13-14 (S.D. Ohio May 11, 2005); *Holmes v. Kelly Services USA, LLC*, 2017 U.S. Dist. LEXIS 40895 at *6-7 (E.D. Mich. Mar. 22, 2017). [*Id.* at 65]

Plaintiffs argue that there only need be a "factual nexus" between Plaintiffs claim and the claim belonging to the proposed collective in order to clear the low notice hurdle, and that a complete uniformity of facts is not required. *Shipes v. Amurcon Corp.*, 2012 U.S. Dist. LEXIS 39794 at *12, 17 (citing *Wlotkowski*, 267 F.R.D. at 219); *see also Fisher*, 665 F. Supp. 2d at 825; *Jungkunz v. Schaeffer's Inv. Research, Inc.*, No. 1:11-cv-00691, 2014 U.S. Dist. LEXIS 43490, at *37, 2014 WL 1302553 (S.D. Ohio Mar. 31, 2014); *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 868 (S.D. Ohio 2005) [*Id.* 66-67] Plaintiffs point out that the decertification stage is the appropriate point to eliminate hypothetical inquiries and determine whether or not claimants are similarly situated *Douglas v. GE Energy Reuter Stokes*, 2007 U.S. Dist. LEXIS 32449 at *14 (N.D. Ohio Apr. 30, 2007). [*Id.* at 67] Plaintiffs

7

argue that the size of the proposed collective is easily manageable and does not need to be large in number to move forward. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260-61 (11th Cir. 2008); *see also Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 539-40 (S.D. Tex. 2008) [*Id.* at 68]

Defendants respond by arguing that Plaintiffs' motion should not be filed until after discovery begins. *Clark v. Royal Transportation Co.*, No. 15-13243, 2016 WL 2983900, at *2 (E.D. Mich. May 24, 2016) (citing *White v. Baptist Memorial Health Care Corp.*, 699 F.3d 868, 877 (6th Cir. 2012)); *Swinney v. Amcomm Telecommunications, Inc.*, No. 12-12925, 2013 WL 4507919, at *1 (E.D. Mich. Aug. 23, 2013) [ECF No. 14, Page.ID 117-18] Defendants argue that the motion is premature specifically because the Rule 16 pretrial scheduling conference has not yet occurred [*Id.* at 118] and that one of the purposes of the pretrial conference is to discourage "wasteful pretrial activities." [*Id.*] Defendants also cite two cases, *Dimery* and *Matthews*, where the courts dismissed plaintiff's counsel for filing his motion before defendants responded to the complaint. *Dimery v. Universal Protection Service, LLC* 6:15–cv–2064, Order (M.D. Florida December 15, 2015); *Matthews et al v. Convergys Corporation et al* 1:14-cv-00125, Order (W.D. North Carolina May 23, 2014) [*Id.*] Defendants argue a court is not required to accept as true bare assertions in a complaint. *Henry v. Dow Chem. Co.*, 484 Mich. 483, 505 (2009).

8

Plaintiffs deny that their motion is premature and argue that the purpose of conditional certification is only to notify employees of the suit's existence and explain their right to participate in the lawsuit [ECF No. 22, Page.ID 328-29] [ECF No. 10, Page.ID 71] Plaintiffs argue that motions for conditional certification also often occur prior to discovery. *Noble v. Serco, Inc*., 2009 U.S. Dist. LEXIS 89709 (E.D. Ky. Sept. 28, 2009) (citing *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 583 (6th Cir. 2009)); *see also Bailey v. Black Tie Mgmt. Co. LLC*, 2019 U.S. Dist. LEXIS 196115, *13-14 (S.D. Ohio Nov. 12, 2009).

Plaintiffs indicate that Defendants also improperly conflate the procedures and standards with FLSA Collective Actions with Rule 23 Class Actions, which do not apply in the instant case. *Taylor v. Pilot Corp*., 697 F. App'x 854, 857 (6th Cir. 2017). [*Id.* at 329-30] Plaintiffs argue that motions for conditional certification are often made at the outset of litigation or at the start of discovery in FLSA collective actions, whereas motions under Rule 23 typically only occur after the start of discovery and are evaluated under a more stringent standard. *Biggs v. Quicken Loans, Inc*., 2014 U.S. Dist. LEXIS 26542, *4-5 (E.D. Mich. Feb. 19, 2014) [ECF No. 22, Page.ID 331] Plaintiffs also note that the Defendants improperly represent the *Dimery* and *Matthews* cases because Defendants failed to indicate that in both cases, the pre-discovery

motions were filed before holding a Rule 16 conference was *scheduled* and before defendants were served with the complaint. (Emphasis added). [*Id.*]

The Court addresses the differences between conditional certification in FLSA § 216(b) collective actions and Rule 23 class actions.  In *Symczyk*, the Supreme Court held, "[w]hatever significance 'conditional certification' may have in § 216(b) proceedings, it is not tantamount to class certification under Rule 23." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 78 (2013). While class actions also require evidence demonstrating similarities between named plaintiffs and potential class members, the legal standard is much higher. Class actions require a district court to give "careful scrutiny to the relation between common and individual questions in a case" and employ a predominance test to determine whether proposed classes are sufficiently cohesive to warrant adjudication by representation. *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016).

Defendants cite three cases where this Court has dismissed motions for conditional certification based on prematurity of the motion. [ECF No. 14, Page.ID 7-8]. Defendants reference the class action suit of *Sivak*, where this Court held the prematurity of the motion along with the lack of evidence prevented this Court from conducting a "rigorous analysis" under Rule 23. *Sivak v. United Parcel Serv. Co.* No. 13-CV-15263, 2014 WL 12597623, at *1 (E.D. Mich. Jan. 21, 2014). Defendants also

10

cite *Mey*, where plaintiffs filed a proposed class action complaint contemporaneously with the motion to certify class and courts in this District repeatedly stated that the motion was premature because defendant had yet to be served *and* no scheduling order had been entered. *Mey v. N. Am. Bancard, LLC* No. 14-CV-11331, 2014 WL 6686773, at *1-3 (E.D. Mich. Nov. 26, 2014). *Id*. Defendants also cite the class action suit *Wasvary*, where a court denied a "placeholder" motion for conditional certification based on prematurity because it was filed with the complaint and was used to prevent defendants from "picking-off" named plaintiffs. *Wasvary v. WB Holdings, LLC* No. 15-10750, 2015 WL 5161370, at *3 (E.D. Mich. Sept. 2, 2015).

Defendants fail to note important distinctions between the three cases cited and the instant case. Because this is an FLSA collective action where the evidentiary burden is low and fairly lenient, adopting the stricter standard for a Rule 23 action would be inappropriate as there is no "rigorous analysis" required. Additionally, the instant motion was filed after the scheduling conference had been scheduled and after Plaintiffs served Defendants with the complaint, which is distinguishable from the timeliness in *Mey* and *Wasvary.* Plaintiffs are also not using the conditional certification motion as a baseless "placeholder." The Court will not depart from established FLSA conditional certification standards and employ a stricter analysis.

The Court also does not accept Defendants argument that a motion for conditional certification in an FLSA collective action can *only* occur once discovery has started. To the contrary, a court previously granted pre-discovery motions for conditional certification in FLSA collective actions. In *Gaffers*, plaintiffs filed a motion for conditional certification on January 29, 2016, which was prior to the due date for defendants' answer and the date which defendants filed their answer, similar to the instant case. *Gaffers v. Kelly Servs.*, No. 16-10128, 2016 U.S. Dist. LEXIS 182057 (E.D. Mich. Oct. 13, 2016). The motion for conditional certification in *Gaffers* was also filed prior to the scheduling conference. A court also granted a pre-discovery conditional certification motion in *Anderson and Serbay. Anderson v. Minacs Grp. (USA) Inc.*, No. 16-13942, 2017 WL 1856276 (E.D. Mich. May 9, 2017).

The United States District Court in the Eastern District of Kentucky similarly noted in *Noble* that "while discovery may facilitate the conditional-certification decision to some degree, it is not required." *Noble v. Serco, Inc*., 2009 U.S. Dist. LEXIS 89709 (E.D. Ky. Sept. 28, 2009). The Sixth Circuit has also held that "after the initial conditional certification of the class, the parties enter into discovery." *Id.* (citing *O'Brien*, 575 F.3d at 583). The timing of the Plaintiffs' motion was not premature.

12

Even if the Court denied Plaintiffs' Motion for Conditional Certification on the basis of prematurity, the motion does not necessarily need to be dismissed in its entirety. The Court may use its discretion to grant a second opportunity to plaintiffs to seek conditional certification after the start of discovery but prior to the second decertification stage. In *Arrington v. Michigan Bell Tel. Co.,* the court stated that when pre-discovery motions for conditional certification are denied, the court still may permit discovery to move forward to provide plaintiffs a second opportunity to obtain sufficient evidence of a collective. *Arrington v. Michigan Bell Tel. Co.,* No. 10-10975, 2011 WL 3319691, at *6 (E.D. Mich. Aug. 1, 2011).

### 2.    *Declarations*

Plaintiffs provided sworn declarations from two named Plaintiffs and at least three Opt-In Plaintiffs. [ECF No. 10, Page.ID 63] Plaintiffs indicate that the Declarations include information which demonstrates (1) the plaintiffs are similarly situated to other hourly production employees, (2) the unlawful pay practices are uniform and common throughout the workplace, and (3) the resolution of the lawsuit will rise or fall on same legal questions, pay practices, and evidence for all employees. [*Id*. at 64] Plaintiffs argue that pleadings, supplementary materials, affidavits, or other supporting documents, may be used to establish the similarly situated element. *Comer*,

13

454 F.3d 547; *see also Shipes*, 2012 U.S. Dist. LEXIS 39794 at *10; *See also Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 868 (S.D. Ohio May 23, 2011). [*Id.*]

Defendants argue that even if the Court declines to dismiss Plaintiffs' Motion, it should still strike the attached Declarations because conditional certification and notice are prerequisites to opt-in consents being filed. [ECF No. 14, Page.ID 119] Defendants argue that in the absence of conditional class certification, there is no class for the plaintiffs to join, and therefore the Declarations are premature. [ECF No. 14, Page.ID 120] Defendants maintain that the Declarations contain empty assertions that merely reaffirm the opt-in notices that Defendants argue were improperly attached to the Complaint. [*Id.* at 119-120]

Declarations are commonly used at the notice stage to support a motion for conditional certification and Defendants do not provide a compelling reason to depart from that precedent. In *Anderson*, the plaintiffs provided a declaration for the named plaintiff and for an opt-in plaintiff and in *Serbay*, only the named included a declaration. *Anderson*, 2017 WL 1856276, at *2-9; *Serbay*, 2017 WL 163866, at *1. The Court recognizes that other district courts within the Sixth Circuit have also granted pre-discovery motions for conditional certification based on plaintiffs declarations. *See Hamm v. S. Ohio Med. Ctr.*, 275 F. Supp. 3d 863, 875 (S.D. Ohio 2017) (granting a pre-discovery motion for conditional certification supported by two

14

declarations); *Bernardez v. Firstsource Sols. USA, LLC*, No. 3:17-CV-613-RGJ, 2019 WL 4345986, at *2 (W.D. Ky. Sept. 12, 2019) (granting in part a pre-discovery motion for conditional certification supported by five declarations); *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 764, 767, 773 (N.D. Ohio 2015) (granting a motion for condition certification without a request for formal discovery and based on five declarations submitted by plaintiffs).

The Declarations in this case demonstrate the similarly situated nature of the employees and go beyond merely reaffirming the opt-in notices. The Declarations include information regarding the nature of the hourly production work, how many hours production employees were scheduled to work, whether Defendants were made aware of overtime hours worked, etc. [ECF No. 10-2 to 10-6]

Opt-in employees Zenuni, Holland, and Thompson state in their declarations that they "regularly worked unpaid hours before, during, and after" their scheduled shifts while company supervisors were aware and present at the facility. [ECF No. 10-4, Page.ID 92-94] [ECF No. 10-5, Page.ID 97-99] [ECF No. 10-6, Page.ID 103-05] Opt-in employees state they received bonuses and/or shift premiums, which were not included in their overtime rate calculations. Named Plaintiffs Young and Bennett also include information pertaining to similar policies regarding regular unpaid overtime and missing bonuses from overtime calculations. [ECF 10-2, Page.ID 81-83] [ECF 10-

3, Page.ID 86-90] All plaintiffs indicate that their supervisors regularly asked production employees to stay past scheduled shifts to continue working and while employees remained punched in as required, Defendants only paid for scheduled shifts. Each plaintiff also indicates that he or she was an hourly production employee who worked 40 hours per week on the production line handling metal parts, moving parts off the production line, and packaging parts for distribution.

The opt-in consent forms, on the other hand, only state that the plaintiffs are willing to participate in the lawsuit—the opt-in forms do not purport to demonstrate the similarly situated nature of the employees. [ECF No. 1-1] [ECF No. 1-2] [ECF 1-3] Though the statements in the declarations are not extremely detailed, the information provided demonstrates that production employees held common job responsibilities and were affected by the same alleged violations of the FLSA, satisfying the plaintiffs modest evidentiary burden.

### 3.     *Proposed Notice, Opt-In Period, and Remaining Relief*

Plaintiffs argue that Defendants should be ordered to produce contact information for putative collective members to permit effective dissemination of notice. Plaintiffs request the names, addresses, phone numbers, and e-mail addresses of all proposed Collective members in a compute readable format within 14 days. *Westley v. CCK Pizza Co., LLC*, 2019 U.S. Dist. LEXIS 93015 at *16 (E.D. Mich.

16

June 4, 2019) (requiring defendants produce names, mailing address, e-mail addresses, and phone numbers for putative collective members); *See e.g.*, *Williams v. Sykes Enterprises, Inc., et al*., No. 13-0946, Doc. 86, at 11 (D. Minn. Oct. 3, 2013); *Jones v. JGC Dallas LLC, et al.*, No. 3:11-CV-2743-O, 2012 U.S. Dist. LEXIS 185042, at *27, 2012 WL 6928101 (N.D. Tex. Nov. 29, 2012); *Atkinson v. TeleTech Holdings, Inc.*, 2015 U.S. Dist. LEXIS 23630, at *11-12; *Wilson v. Maxim Healthcare Servs.*, 2014 U.S. Dist. LEXIS 177072 at *21 (W.D. Wash. Dec. 22, 2014).  [ECF No. 10, Page.ID 72] Defendants do not specifically object to this request. The Court grants Plaintiffs request, as the information requested is reasonable and consistent with FLSA conditional certification case law. *See e.g., Fisher v. Michigan Bell Tel. Co.*, 665 F. Supp. 2d 819, 829–30 (E.D. Mich. 2009) (ordering defendants provide the name, last known address, telephone number, dates of employment, location of employment, and date of birth of putative class members within seven days of granting plaintiffs' motion); *Williams v. K&K Assisted Living LLC*, No. 15-CV-11565, 2015 WL 7257274, at *5 (E.D. Mich. Nov. 17, 2015) (granting Plaintiffs request to provide names, addresses, email addresses, and telephone numbers of all putative collective members); *Westley v. CCK Pizza Co., LLC*, 2019 U.S. Dist. LEXIS 93015 at *16 (E.D. Mich. June 4, 2019) (granting plaintiffs request ordering production of names, mailing and email addresses, and telephone numbers from defendants).

Plaintiffs also request that the Court approve Plaintiffs' proposed notice attached as Exhibit A. [ECF No. 10-1] The Court finds the form of notice requested appropriate. As Plaintiffs note, the form of notice submitted to the Court is effectively the same notice Plaintiffs' counsel has for other FLSA collective actions filed in this Court. *See e.g.*, *Athan v. U.S. Steel Corp.*, No.: 17-cv-14220 (E.D. Mich. April 29, 2019). However, Defendants note that Plaintiffs propose an opt-in consent form attached to the notice that is different than the opt-in consent forms already filed before the Court. [ECF No. 1-2] [ECF No. 1-3] [ECF No. 10-1, Page.ID 78] For consistency, the Court orders that Plaintiffs modify the proposed opt-in form to instead reflect the format and content of the original opt-in notices filed with the Complaint.

The Court also grants Plaintiffs' additional requests for relief regarding appointing their counsel as counsel for the proposed Collective, requiring Defendants to produce certain contact information for proposed Collective members, and allowing 45-days for prospective Collective members to opt-in to the suit. *Wlotkowski*, 267 F.R.D. at 220 (granting a 90-day notice period).

## III.    CONCLUSION/ORDER

Because the Motion is timely and the Plaintiffs sufficiently demonstrate that Named Plaintiffs and potential Collective Members are similarly situated through the attached Declarations,

Accordingly,

**IT IS ORDERED** that Plaintiffs' Pre-Discovery Motion for Conditional Certification and Court-Authorized Notice pursuant to the FLSA, 29 U.S.C. § 216(b) (ECF No. 10) is **GRANTED** as follows:  1) conditionally certify the proposed FLSA Collective; 2) appoint Plaintiffs' counsel, Jesse Young, as counsel for the proposed Collective; 3) approve Plaintiffs' proposed form of notice, subject to modification of the opt-in notices as noted above, and authorize notice via mail and email; 4) require Defendants to identify and produce the names, phone numbers, last known addresses, and email addresses of all proposed Collective members in a computer-readable format within 14 days; and 5) allow members of the proposed Collective 45 days from the date the notice is mailed to join this action.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  July 29, 2022