UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**COLLETTE YOUNG et al.,**

    **Plaintiffs,**

                                                      Case No. 20-CV-10520-DT

**v.**

                                                      HON. DENISE PAGE HOOD

**CHIEFTAIN COATING, LLC, et al.,**

    **Defendants.**

_____/

## **ORDER DENYING MOTION TO STRIKE OPT-IN CONSENTS**

**I.     BACKGROUND**

On February 28, 2020, Plaintiffs Collette Young and Henry Bennett filed a Collective Action complaint under Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 against Defendants Chieftain Coating, LLC, Burkard Industries, Inc, and John "Jay" Burkard. [Complaint, ECF No. 1]. All Defendants filed their answers to the complaint on May, 11, 2020. [ECF Nos. 17, 18]

Burkard Industries in Clinton Township, Michigan, provided metal finishing services to customers and employs hourly production workers [ECF No.1, Page.ID 4] [ECF No. 10, Page.ID 53] Plaintiffs Young and Bennett were employed as hourly production employees at Burkard Industries. [ECF No.1, Page.ID 4] Young worked for Burkard from 1997-2019 and Bennett from 1993-2019. [ECF No.1, Page.ID 4-5] [ECF No. 18 at 284] Bennett was employed with Chieftain after October 31, 2019.

[ECF No. 18, Page.ID 285] Phyllis Holland, Linda Lietz, Ariana Thompson, and Raif Zenuni also worked for Burkard Industries. Attached to the complaint are opt-in consent forms from the two named Plaintiffs as well as consent forms from Phyllis Holland, Linda Lietz, Ariana Thompson, and Raif Zenuni. [ECF No. 10, Page.ID 54-56] [ECF No. 18, Page.ID 285]  [ECF No. 1-1, Page.ID 22-30]

Plaintiffs state that the job duties of hourly production workers included physically hanging metal parts on the production lines; washing, masking, and coating the parts; moving the parts back off the production lines; and packaging the parts for distribution. [ECF No. 10, Page.ID 55]. Plaintiffs allege that Defendants maintained an employment policy, which is the basis of this FLSA complaint, that required hourly production employees like Plaintiffs to work unpaid overtime hours before, during, and after their scheduled shifts. [ECF No.10, Page.ID 56]

This matter is before the Court on Defendants' Motion to Strike Opt-In Consents. Plaintiffs oppose the motion.  A hearing was held on the matter.

II.   ANALYSIS

   A.   **Standard of Review**

The district court has the broad discretion to authorize "notice" to putative Collective members in an FLSA collective action and allow them to opt-in to the suit. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (citing

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989). In *Hoffman-LaRoche*, the Supreme Court recognized the "propriety, if not the necessity, for court intervention in the notice process" because of the potential for misuse of the class device through misleading communications by the parties. 493 U.S. at 169, 171. The district court also has the managerial responsibility to oversee the joinder of additional parties to maintain efficiency and has the discretion to begin its involvement at the point of the initial notice rather than a later time. *Hoffmann–La Roche,* 493 U.S. at 165-66.

    **B.**    **Opt-In Consent Forms**

A plaintiff may file a collective action under § 216(b) of FLSA on behalf of himself and other "similarly situated" employees who file a consent in writing to become party plaintiffs to the lawsuit. 29 U.S.C.A. § 216 (West). Specifically, the provision states that no employee shall be a party plaintiff "*unless* he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* Once the similarly situated nature of the class is established during the conditional certification stage of a Collective Action, the court has the discretion to authorize notification to potential class members and allow them to file a consent to join the lawsuit. *Wlotkowski v. Michigan Bell Tel. Co.*, 267 F.R.D. 213, 219 (E.D. Mich. 2010) (citing *Comer,* 454 F.3d 544 at 546); *see also Olivo v. GMAC*

3

*Mortg. Corp.*, 374 F. Supp. 2d 545, 546 (E.D. Mich. 2004) (citing *Hoffmann–La Roche,* 493 U.S. at 169). Conditional certification, however, does not, in itself, produce a class of plaintiffs with an independent legal status or automatically join additional parties to the action. *Symczyk*, 569 U.S. at 67.

The class device for FLSA Collective actions should not be confused with a Rule 23 lass action, which uses an "opt-out" approach and more stringent certification standard. *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 583 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). "Opt-in" employees in an FLSA Collective action also become party plaintiffs, unlike absent class members in a Rule 23 class action. *Id*. After discovery, defendants can move to "decertify" if additional evidence is uncovered that shows a class is not similarly situated. *Wlotkowski*, 267 F.R.D. at 219.

Defendants argue that "conditional certification of the class and issuance of notice" is a prerequisite to opt-in consents being filed, and because it has not yet occurred, the individuals who signed the consents have no standing in the action. *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013); *Beery v. Quest Diagnostics, Inc.*, No. 12-cv-00231, 2013 WL 3441792, at *3 (D.N.J. Jul. 8, 2013) [ECF No. 20, Page.ID 314] Defendants argue the opt-in consents filed by plaintiffs should be stricken because they premature as the Court has not conditionally certified

the class, the parties have not agreed on an opt-in notice, and the Court has not approved the opt-in notices. [*Id.* at 314-15]. Defendants also point out that the proposed notice differs from the opt-in consents already filed. [*Id.* at 315]

Plaintiffs argue that conditional certification is not a prerequisite to opt-in consent being filed because the only requirements for a collective action under § 216(b) are that potential members (1) be similarly situated and (2) signal in writing their consent to participate in the action. [ECF No. 24, Page.ID 342] *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). Plaintiffs argue that while conditional certification is an important procedural device to facilitate notice in an FLSA action, it is "neither necessary nor sufficient for the existence of a representative class." *Id. Symczyk v. Genesis Healthcare Corp.*, 656 F.3d 189, 194 (3rd Cir. 2012) (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n. 10 (2nd Cir. 2010)); *see also Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527, 535-36 (3rd Cir. 2012) (repeating same quote).

Plaintiffs further argue that this Court has recognized that the sole consequence of conditional certification is sending out court-approved notice to employees who may become part of the action and does not create a party with independent legal status. [*Id.* at 343] *Gaffers v. Kelly Servs., Inc.*, 203 F. Supp. 3d 829, 843 (E.D. Mich. 2016), *rev'd and remanded on other grounds,* 900 F.3d 293 (6th Cir. 2018) (*quoting*

5

*Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013)); *see also Sutka v. Yazaki N. Am., Inc.*, 2018 U.S. Dist. LEXIS 40250, *24-25 (E.D. Mich. Mar 12, 2018). Plaintiffs assert that collective actions can go forward without obtaining conditional certification [*Id*.] Plaintiffs argue that "nothing in the text of [FLSA § 216(b)] prevents plaintiffs from opting in to the action by filing consents with the district court, even when the notice described in *Hoffmann-La Roche* has not been sent" so long as such plaintiffs are 'similarly situated.'" [*Id*.]; *Myers*, 624 F.3d at 555 n.10.

Plaintiffs claim that employees routinely opt-in to FLSA collective actions when the complaint is filed and prior to conditional certification. [*Id.* at 344]. Plaintiffs cite two cases, *Gaffers v. Kelly Services, Inc.*, No. 2:16-cv-10128 (E.D. Mich.) and *Serbay v. Dialog Direct, Inc.*, No. 2:16-cv-12716 (E.D. Mich.), both allowing pre-certification opt-ins prior to a grant of conditional certification. Plaintiffs argue that employees must file consent forms at the earliest possible time in FLSA collective actions because the statute of limitations runs for employees until they affirmatively opt-in and does not toll with conditional certification. [*Id.* at 345] *See Fisher v. Michigan Bell Telephone Tel. Co.*, 665 F. Supp. 2d 819, 828-29 (E.D. Mich. 2009). Plaintiffs argue that an FLSA collective action does not start until both a complaint and consent form is filed by the named plaintiff, so it is appropriate to file

6

the consent forms at the start of litigation. *Albritton v. Cagles, Inc.*, 508 F.3d 1012 (11th Cir. 2007). [*Id.* at 346]

Plaintiffs attack Defendants' supporting cases: *Melendez Cintron v. Hershey P.R., Inc.*, 363 F. Supp. 2d 10 (D.P.R. 2005) and *Beery v. Quest Diagnostics, Inc.*, 2013 U.S. Dist. LEXIS 95096 (D. N.J. July 8, 2013). Plaintiffs argue that *Melendez* is an outlier because it involved opt-in notices obtained through an unauthorized pre-certification letter sent by plaintiff's counsel constituting improper notice. [*Id.*] Plaintiffs argue that because consent forms in *Melendez* lacked a "factual basis of similarity," the court was left with no other choice but to strike the consent forms [*Id.*] Plaintiffs indicate in the instant case, the additional consent forms filed May 12, 2020, were obtained *without* unauthorized notice. *See Kirkpatrick v. Cardinal Innovations Healthcare Sols.*, 2017 U.S. Dist. LEXIS 141783 (M.D.N.C. Sept. 1, 2017) (the court refused to apply *Melendez* to a situation where opt-in consents obtained prior to certification solicitation). [*Id.* at 347] In *Beery*, Plaintiffs argue the opt-in plaintiffs were dismissed because of a lack of subject matter jurisdiction. [*Id.* at 347-48]

Plaintiffs assert that striking the consent forms would frustrate the purpose of the collective action mechanism by interfering with each potential plaintiff's ability to toll the statute of limitations and participate in the collective action. [*Id.* at 348] Plaintiffs also highlight that in that *Hoffmann-LaRoche*, over 400 consent forms were

7

filed prior to court-authorized notice in that case and that the Third Circuit Court of Appeals and the United States Supreme Court declined to overturn the district court's decision to not strike the pre-certification forms. [*Id.* at 349]

Defendants reply that inclusion of the opt-in consents is highly prejudicial to Defendants because they do not know how the consents were obtained or what information was provided to the opt-in plaintiffs. [ECF No. 27, Page.ID 520] Defendants argue that court-approved notice is the mechanism typically used to explain to putative class members their rights and options in the action and grant those members a choice to participate. *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012); *See e.g., Troyer v. T. John E. Prods., Inc.*, No. 9-cv-821, 2010 WL 11534382, at *1 (W.D. Mich. Oct. 14, 2010); *Russell v. Illinois Bell Tel. Co.*, 575 F. Supp. 2d 930, 938 (N.D. Ill. 2008); *Bishop v. AT & T Corp.*, 256 F.R.D. 503, 509 (W.D. Pa. 2009) [*Id.* at 520-21] Defendants indicate that absent court-approved notice, Defendants have no way of ensuring that the full range of options available to putative class members have been imparted on the opt-in plaintiffs. [*Id.* at 521].

Defendants reply that even if this Court determines that the opt-in plaintiffs did not need court-approved notice prior to filing their consents, the consent forms were nonetheless premature as attached to the complaint. [*Id.* at 523] Defendants argue that

the Plaintiffs merely indicated that opt-in plaintiffs signed consent forms to join litigation and provided no further information or factual basis demonstrating why opt-in plaintiffs were similarly situated. [*Id.*]

Defendants assert that opt-in plaintiffs' rights are not at risk because although the collective action may not toll the statute of limitations for putative class members, the court-determined opt-in period ensures employees will have an opportunity to join the suit. [*Id.* at 524]. Defendants argue that plaintiffs who attempt to opt-in at time of filing are no worse off than those who wait until the court-designated period, and should it appear the statute of limitations is going to run out against putative class members, the Court can equitably toll the statute of limitations. [*Id.*] Defendants claim that striking the opt-in consents is also not detrimental to plaintiffs' case because a lack of opt-in consents at the time of conditional class certification is not dispositive. *Anderson v. P.F. Chang's China Bistro, Inc.*, 2017 WL 3616475, at *10 (E.D. Mich. Aug. 23, 2017). [*Id.* at 525].

First, the Court addresses whether the conditional certification and notice are prerequisites to the filing of opt-in consent forms being filed. Plaintiffs' assertions regarding *Gaffers* and *Serbay* cases are correct. Opt-in consent forms have been allowed to be filed prior to deciding on a Motion for Conditional Certification. *Gaffers v. Kelly Services, Inc.*, No. 2:16-cv-10128 (E.D. Mich.); *Serbay v. Dialog Direct, Inc.*,

No. 2:16-cv-12716 (E.D. Mich.) (Cohn, J.) The *Gaffers* docket shows that Plaintiffs' counsel submitted several opt-in consent notices prior to the grant of the Motion for Conditional Certification. *Gaffers v. Kelly Services, Inc.*, No. 2:16-cv-10128 (E.D. Mich.) [2:16-cv-12716, dkt entry #4-2 to 4-5]

Plaintiffs and Defendants also cite the same provision from *Symczyk* to support their arguments: "the sole consequence of conditional certification is the sending of court-approved written notice to employees . . . who in turn become parties to a collective action only by filing written consent with the court" *Symczyk*, 569 U.S. at 75. [ECF No. 27, Page.ID 521] [ECF No. 24, Page.ID 342-43] Ultimately, the interpretation of this provision depends on whether the statement refers to putative Collective members as a whole or only those putative Collective members *that receive court-approved notice*—the former interpretation which supports Defendants' argument, and the latter, Plaintiffs' position.

As courts have permitted opt-in consents to be filed prior to conditional certification and court-authorized notice, the Court finds that the cited provision only refers to those employees that receive notice, not any employee who could be classified as a putative Collective member. The interpretation the Court adopts is consistent with the idea that the similarly situated employees only become party plaintiffs through filing an opt-in consent form to join the lawsuit and that joinder is

10

ultimately managed by the Court. *Mickles on behalf of herself v. Country Club Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018) (finding that the § 216(b) supports that those who opt in become party plaintiffs upon the filing of a consent *and that nothing further, including conditional certification, is required*) (emphasis added).

The Court rejects Defendants' argument that allowing pre-certification opt-in notices is unfairly prejudicial to Defendants. Just as in other cases where opt-in consents were filed to the court prior to court-authorized notice, the language of notice and opt-ins consents here will have not been approved by Defendants.

Opt-in notices are not final determinations of an opt-in Plaintiffs' status within the lawsuit. All opt-in Plaintiffs who file consent to the Court in an FLSA Collective action, are subject to "decertification" if the Court determines after the conclusion of discovery that opt-in plaintiffs were not similarly situated to named Plaintiffs. The Court may then dismiss without prejudice those plaintiffs who are not similarly situated. *Shipes v. Amurcon Corp.*, No. 10-14943, 2012 WL 995362, at *4 (E.D. Mich. Mar. 23, 2012). The Court declines to adopt a standard which requires conditional certification prior to opt-in consents based on the arguments set forth by Defendants.

However, Plaintiffs propose an opt-in consent form that differs from the opt-in consent forms already filed before the Court. [ECF No. 1-2] [ECF No. 1-3] [ECF No. 10-1, Page.ID.78] A review of the docket in *Gaffers* and *Serbay*, both cases that

11

Plaintiffs' Counsel, Jesse Young, filed opt-in notices which looked like the ones already filed before the Court in this case, not the proposed format. For consistency, for future notices after the date of this Order, Plaintiffs must modify the proposed opt-in form to instead reflect the format and content of the original opt-in notices filed with the Complaint.

### III. CONCLUSION/ORDER

Because the opt-in notices provided by Plaintiffs otherwise follow established precedent,

Accordingly,

IT IS ORDERED that Defendants' Motion to Strike Opt-In Consents (ECF No. 20) is DENIED.

S/Denise Page Hood<br>
Denise Page Hood<br>
United States District Judge

Dated:  July 29, 2022